UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN C. PONTE,<br><br> Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION; MARTIN J. GRUENBERG, in his official capacity as Chairman of the Federal Deposit Insurance Corporation; TRAVIS HILL, in his Capacity as Vice Chairman of the Federal Deposit Insurance Corporation; MICHAEL J. HSU, in his official capacity as Director of the Federal Deposit Insurance Corporation; ROHIT CHOPRA, in his official capacity as Director of the Federal Deposit Insurance Corporation; and JENNIFER WHANG, in her official capacity as Administrative Law Judge for the Official of Financial Institution Adjudication,<br><br> Defendants. | C.A. No. 1:23-cv-00165-MSM-LDA |

O R D E R

Mary S. McElroy, United States District Judge.

  The plaintiff, John C. Ponte seeks, for the second time, to affect through this Court the Federal Deposit Insurance Corporation's ("FDIC") administrative enforcement proceeding against him. This Court dismissed Mr. Ponte's previous lawsuit because 12 U.S.C. § 1818(i)(1) divests this Court of jurisdiction over claims

1

like Mr. Ponte's, that seek "to affect by injunction or otherwise the issuance or enforcement of any [FDIC enforcement] notice or order under any such section, or to review, modify, suspend, terminate, or set aside any such notice or order." *See Ponte v. FDIC*, 1:23-cv-00018-MSM-LDA at ECF No. 38 ("*Ponte I*").

The difference with the current action is that Mr. Ponte now challenges the constitutionality of the FDIC's structure.[1] Because he asserts these constitutional claims, he argues, this Court's jurisdictional analysis in *Ponte I* is not applicable to the instant case per the recent United States Supreme Court opinion in *Axon Enterprises, Inc. v. FTC*, 598 U.S. 175 (2023). This Court, however, disagrees.

In *Axon*, the Supreme Court noted although that the federal-question jurisdiction statute, 28 U.S.C. § 1331, normally provides for district court jurisdiction to hear challenges to federal agency action, Congress "may substitute for that district court authority an alternative scheme of review." *Axon*, 598 U.S. at 185. Congress can make this substitution "*explicitly*, providing in so many words that district court jurisdiction will yield [or] Congress … may do so *implicitly*, by specifying a different method to resolve claims about agency action."[2] *Id.* (emphasis added).

---

[1] Specifically, he claims that (1) the FDIC is unconstitutionally structured because the President cannot remove a majority of its Board; (2) the administrative law judges used by the FDIC are unconstitutionally shielded from removal; and (3) the FDIC enforcement proceeding deprived him of his Seventh Amendment right to a jury trial. (ECF No. 1.)

[2] In *Axon*, the Supreme Court considered the Federal Trade Commission and Securities and Exchange Commission's administrative review statutes, which, unlike § 1818(i)(1) here, do not include an explicit jurisdictional bar.

2

When Congress does not explicitly substitute district court jurisdiction but instead specifies "a different method to resolve claims about agency action," courts must review the statutory scheme to determine whether Congress intended that a certain claim *must* be heard by that "different method" that Congress provided or can be heard by a district court pursuant to § 1331. *See id.* at 186. The test to apply, *Axon* instructs, are the factors that the Supreme Court had enunciated in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994). *Id.* Put simply, these *Thunder Basin* factors are the method for determining congressional intent when Congress is not explicit.

But here, section 1818(i)(1) provides, in relevant part:

> [N]o court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section, or to review, modify, suspend, terminate, or set aside any such notice or order.

Congress therefore was explicit that district courts are not to "affect" FDIC enforcement proceedings. *See Bd. of Governors of Fed. Rsrv. Sys. v. MCorp. Fin. Inc.*, 502 U.S. 32, 38 (1991) (describing the language of § 1818(i)(1) as "plain" and "preclusive"). As such, this Court need not turn to the *Thunder Basin* factors to discern congressional intent—that intent is clear. *See Axon*, 598 U.S. at 185-86; *see also id.* at 208 (Gorsuch, J., concurring) (pointing to the statute at issue in this case, 12 U.S.C. § 1818(i)(1), as an explicit carve-out to a district court's jurisdiction, rendering consideration of the *Thunder Basin* factors inapplicable); *E. Bridge, LLC v. Chao*, 320 F.3d 84, 88 (1st Cir. 2003) ("To determine whether Congress intended to preclude district court review of plaintiffs' claims, we first examine the OSH Act for

3

explicit language of preclusion. Because no such language exists, we look next for other indicia of congressional intent." (citing *Thunder Basin*, 510 U.S. at 207)). This Court's jurisdictional analysis in *Ponte I* thus remains applicable. *See Ponte I* at ECF No. 38.

To be sure, the fact that Mr. Ponte is now raising constitutional claims does not affect this outcome. "Congress has great leeway to expand or restrict the jurisdiction of the lower federal courts" and is not required to invest in the lower courts all of the powers set forth in Article III. *Evans v. Thompson*, 518 F.3d 1, 6 (1st Cir. 2008). This includes the power to address the constitutionality of a statute. *See Seale v. INS*, 323 F.3d 150, 156 (1st Cir. 2003); *see also Shalala v. Ill. Council on Long Term Care Inc.*, 529 U.S. 1, 10 (2000) (holding that the statutory scheme governing the Medicare Act "plainly bars § 1331 review … irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds"); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) ("For a court to pronounce upon the meaning of the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act *ultra vires*.").

Accordingly, § 1818(i)(1) precludes this Court's jurisdiction over Mr. Ponte's claims, constitutional or otherwise. Instead, those claims must be raised in the administrative process and, per § 1818(h)(2), may be reviewed by the appropriate court of appeals.

4

For the foregoing reasons, the FDIC's Motion to Dismiss pursuant to Rule 12(b)(1) (ECF No. 18) is GRANTED.

IT IS SO ORDERED.

*Mary S. McElroy*
_____
Mary S. McElroy
United States District Judge
October 3, 2023